■ John C. Wunderlich et al., Respondents, v Consolidated Edison Co. of New York, Inc., Defendant, and Village of Pleasantville, Appellant. [689 NYS2d 655] —In an action to recover damages for personal injuries, etc., the defendant Village of Pleasantville appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated June 8, 1998, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged negligence by the Village with respect to its control of the subject utility pole struck by the injured plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged negligence by the Village with respect to its control of the subject utility pole struck by the injured plaintiff is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The appellant established its entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to supply proof of an evidentiary nature which would serve to defeat the motion (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). There are no issues of fact as to whether the appellant exercised control over the subject utility pole hit by the injured plaintiff. Although the pole was located in a right-of-way maintained by the appellant, the record reveals that the pole itself was owned, controlled, and maintained by the defendant Consolidated Edison.

In light of our determination, there is no need to address the remaining contentions raised on this appeal. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.